O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DAVID HENRY,<br><br>      Petitioner,<br><br>    v.<br><br>JACK L. ALLBRITTON,<br><br>      Respondent. | Case No. LA CV 15-9711 DDP (JCG)<br><br>**ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY** |

On December 17, 2015, petitioner Charles David Henry ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). [Dkt. No. 1.]  Notably, it is his second federal petition challenging a 2005 state court judgment of conviction and sentence.  (*See* Pet. at 2, 4.)  Thus, the Court finds that the Petition is an unauthorized "second or successive" petition, and summarily dismisses this action without prejudice for lack of jurisdiction.  *See* 28 U.S.C. 2244(b).

By way of background, Petitioner first challenged his conviction and sentence in 2008 ("2008 Petition").  (Pet. at 4.)  The 2008 Petition was denied.  [*See* C.D. Cal. Case No. LA CV 08-0418 DDP (RZ), Dkt. Nos. 46, 58, 59.]  Petitioner's subsequent request for a certificate of appealability was also denied.  [*Id.*, Dkt. No. 68.]

1     Now, in the instant Petition, Petitioner seeks to challenge the *same* 2005 judgment of conviction and sentence.[1] (Pet. at 2.) However, Petitioner has failed to obtain the Ninth Circuit's authorization to file a "second or successive" petition. *See* 28 U.S.C. 2244(b). Thus, the Petition is an unauthorized "second or successive" petition, and the Court must dismiss this action for lack of jurisdiction. *See id.*

    Moreover, and in any event, Petitioner's claim regarding the California Department of Corrections and Rehabilitation's failure to invoke the "recall of commitment" procedure is not cognizable on federal habeas review. (*See* Pet. at 11-43); *see also, e.g.*, *Harris v. Valenzuela*, 2014 WL 4988150, at *5 (C. D. Cal. Oct. 7, 2014) ("Given the permissive nature of California's recall of commitment procedure and the wealth of California decisions holding that California prisoners have no state law right to seek enforcement of that procedure, there is no basis for finding that Section 1170(d) gives rise to a liberty interest enforceable as a matter of federal due process.") (citation omitted); *Harris v. S.C.,* 2014 WL 2611386, at *5 (C.D. Cal. June 11, 2014) (same).

    For the foregoing reasons, **IT IS ORDERED THAT** this action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Even though the Petition challenges Petitioner's sentence and not his conviction, both originate from the same *judgment* as the 2008 Petition. *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (holding that a "judgment" challenged under 28 U.S.C. § 2254 comprises a state court conviction and sentence).

**IT IS FURTHER ORDERED** that a certificate of appealability be **DENIED** because Petitioner has not shown that jurists of reason would find it debatable whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  February 10, 2016

HON. DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE